## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

GREG MCWILLIAMS,

        Plaintiff,

v.

MICHAEL DINAPOLI, in his
individual capacity, and

BOARD OF COUNTY
COMMISSIONERS OF BRYAN
COUNTY,

        Defendants.

Case No. 19-CV-212-SPS

## ANSWER OF MICHAEL DINAPOLI

      Defendant Michael Dinapoli files this answer to all claims raised in Plaintiff

Greg McWilliams' complaint, Doc. 2-5.

### I.     Introduction.

      1.    Dinapoli objects to the three unnumbered paragraphs that comprise the

"Introduction" as they violate Fed. R. Civ. P. 10(b)'s provision requiring claims in a

pleading to be set out in "numbered paragraphs." *See* Doc. 2, at 1-2. Without waiving

that objection, Dinapoli states Plaintiff's claims speak for themselves, and denies any

and all allegations of wrongdoing in the three unnumbered paragraphs that

constitute the "Introduction." If the Court concludes Dinapoli failed to respond to any

allegations in the "Introduction" as a result of Plaintiff's failure to correctly number

these paragraphs, Dinapoli requests the opportunity to file an amended answer.

## II.   Parties, Jurisdiction, Venue.

2.      Upon information and belief, the allegation in paragraph 1 is admitted.

3.      Dinapoli admits he is employed as a deputy sheriff with the Bryan County Sheriff's Department. Dinapoli admits he was acting under color of law and within the scope of his employment as a deputy sheriff at the Bryan County Sheriff's Department at all times during the subject incident. Dinapoli admits he is a resident and citizen of the State of Oklahoma.

4.      The allegations in paragraph 3 are directed toward Defendant Board and require no response from Dinapoli. To the extent a response is required, Dinapoli adopts and incorporates the response made in the Board's answer. *See* Doc. 2-5, at 2.

5.      To the extent the allegations in paragraph 4 are directed to Dinapoli, he admits he was acting under color of law at the time of the subject incident. Dinapoli likewise admits jurisdiction and venue are proper in this Court.

6.      Dinapoli is without sufficient knowledge or information to admit or deny the allegations in paragraph 5.

## III.   Statement of Fact.

7.      Dinapoli is without sufficient knowledge or information to admit or deny the allegations in paragraph 6.

8.      Dinapoli is without sufficient knowledge or information to admit or deny the allegations in paragraph 7.

9.      Dinapoli is without sufficient knowledge or information to admit or deny

the allegations in paragraph 8.

10.     Dinapoli admits he responded to the Newberry Creek Resort and Marina along with another employee of the Bryan County Sheriff's Department, and upon arrival spoke with an employee of the facility inside a facility building while his co-worker remained outside. Dinapoli is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 9.

11.     Dinapoli admits that he exited the facility building following his conversation with the facility employee, but denies all other allegations in paragraph 10.

12.     Dinapoli denies all allegations in paragraph 11.

13.     Dinapoli denies all allegations in paragraph 12.

14.     Dinapoli denies all allegations in paragraph 13.

15.     Dinapoli denies all allegations in paragraph 14.

16.     Dinapoli denies all allegations in paragraph 15.

17.     Dinapoli admits the allegations in paragraph 16, but denies any wrongdoing.

18.     Dinapoli admits the allegations in paragraph 17, but denies any wrongdoing.

19.     Dinapoli admits the allegation in paragraph 18 that the affidavit for warrant states he "punched MCWILLIAMS in the shoulder to create distance," and that "MCWILLIAMS resisted for a short amount of time causing DINAPOLI to escort him to the ground to maintain physical control." Dinapoli denies any wrongdoing,

however, and denies all remaining allegations in paragraph 18.

20.     Dinapoli denies all allegations in paragraph 19.

21.     Dinapoli is without sufficient knowledge or information to admit or deny the allegations in paragraph 20.

22.     Dinapoli is without sufficient knowledge or information to admit or deny the allegations in paragraph 21.

23.     Dinapoli denies all allegations in paragraph 22.

24.     Dinapoli admits video footage of an incident between himself and Plaintiff exists, but denies any wrongdoing. Dinapoli denies all other allegations in paragraph 23.

25.     Dinapoli denies all allegations in paragraph 24.

## IV.   Statement of Claims

### *Excessive Force* - 42 U.S.C. § 1983.

26.     To the extent the statement in paragraph 25 is an allegation, it is denied, and out of an abundance of caution, Dinapoli adopts and incorporates his responses listed herein.

27.     The allegation in paragraph 26 is a legal conclusion, which does not require Dinapoli to respond. If a response is required, Dinapoli states that the law speaks for itself.

28.     Dinapoli denies all allegations in paragraph 27.

29.     The allegation in paragraph 28 is a legal conclusion which does not require Dinapoli to respond. To the extent a response is required, Dinapoli denies the

allegation.

### *Negligence* – Okla. Stat. tit. 51, § 151 *et seq*.

30.     To the extent the statement in paragraph 29 is an allegation, it is denied, and out of an abundance of caution, Dinapoli adopts and incorporates his responses listed herein.

31.     The allegation in paragraph 30 is not directed to Dinapoli and does not therefore require him to respond, plus it is a legal conclusion, which also does not merit a response. If a response is required, Dinapoli states that the law speaks for itself.

32.     The allegation in paragraph 31 is not directed to Dinapoli and does not therefore require him to respond. To the extent a response is required, Dinapoli denies the allegations in paragraph 31.

33.     Dinapoli denies any and all allegations in the "Wherefore" paragraph of Plaintiff's complaint.

## V.     Defenses.

34.     Dinapoli denies the nature and extent of Plaintiff's alleged injuries and/or damages.

35.     Plaintiff's constitutional rights were not violated.

36.     Dinapoli's actions were objectively reasonable.

37.     Dinapoli's actions were reasonable, necessary and appropriate in light of the circumstances with which he was confronted.

38.     Dinapoli acted in self-defense.

39.     Dinapoli acted in good faith at all times.

40.     Dinapoli did not act with malice toward Plaintiff.

41.     Dinapoli's actions did not violate clearly established law.

42.     Dinapoli is entitled to qualified immunity.

43.     Dinapoli was, at all times, acting within the course and scope of his employment with the Bryan County Sheriff's Office.

44.     Dinapoli did not promulgate or allow the formation of any official custom, policy or procedure that has an affirmative link to any alleged violation of Plaintiff's constitutional rights.

45.     Dinapoli has not executed or implemented any official custom, policy or procedure which can be found in any ordinance, regulation or a policy statement which resulted in a constitutional violation to the Plaintiff.

46.     Dinapoli denies that any damages allegedly suffered by Plaintiff may have been caused or contributed to by any negligent act or omission on the part of Dinapoli.

47.     Dinapoli states that the acts or omissions of the Plaintiff and/or other parties over whom Dinapoli had no control caused or contributed to Plaintiff's alleged damages.

48.     The injuries and damages complained of by Plaintiff were caused or contributed to by the acts, conduct, or negligence of the Plaintiff.

49.     The injuries and damages complained of by Plaintiff were caused or contributed to by an intervening cause for which Dinapoli cannot be liable.

50.    Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations and/or doctrine of laches and/or doctrine of estoppel.

51.    Plaintiff may have failed to exhaust his administrative remedies.

52.    Plaintiff's complaint fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

53.    Plaintiff failed to plead his claims with the requisite specificity required by *Bell Atlantic Corp. v. Twombly* (550 U.S. 544 (2007)) and *Ashcroft v. Iqbal* (556 U.S. 662 (2009)).

54.    Plaintiff's claims for punitive damages are limited by applicable provisions of the United States Constitution, its relevant amendments, as well as limitations set forth by the U.S. Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), as well as the Oklahoma Constitution and its relevant amendments.

55.    To the extent Plaintiff settles with another defendant, Dinapoli is entitled to a set-off.

56.    To the extent Plaintiff has failed to mitigate his damages, he is not entitled to relief.

57.    Dinapoli exercises his right to a jury trial under the Seventh and/or Fourteenth Amendments to the United States Constitution.

58.    Dinapoli reserves the right to add additional defenses as discovery begins and progresses.

**Date:** July 15, 2019

**JURY TRIAL DEMANDED**

s/ Jeffrey C. Hendrickson
Jeffrey C. Hendrickson, OBA #32798
Pierce Couch Hendrickson
Baysinger & Green, L.L.P.
1109 N. Francis Ave.
Oklahoma City, Oklahoma 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2903
jhendrickson@piercecouch.com

*Attorney for Defendant*
*Michael Dinapoli*

## **CERTIFICATE OF SERVICE**

I hereby certify that on **July 15, 2019**, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. I also transmitted the attached document to the following counsel via electronic mail and by United States mail, with first class postage prepaid fully thereon:

s/ Jeffrey C. Hendrickson
Jeffrey C. Hendrickson